

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 18, 1990

Honorable Tom O'Connell
Criminal District Attorney
Collin County Courthouse
McKinney, Texas 75069

Opinion No. JM-1263

Re:     Authority of a county
auditor to prescribe the use
of a county's federal employer
identification number on all
departmental depository bank
accounts (RQ-2034)

Dear Mr. O'Connell:

You ask whether, pursuant to section 112.001 of the Local Government Code, the county auditor may require the use of the county's federal employer identification number on the accounts of the county tax assessor-collector in the county depository, to the exclusion of other employer identification numbers that may have been assigned to 'a county office.[1] We conclude that the county auditor may impose such a requirement pursuant to section 112.001, but only with respect to accounts that contain county funds.

We are advised that this question is prompted by an apparent disagreement between the county auditor and the county tax assessor-collector concerning the appropriate employer identification number for the accounts of the tax assessor-collector's office. On May 8, 1990, the auditor adopted a regulation governing the styling of depository accounts. It requires the use of the county's federal employer identification number on all such accounts and prohibits the use of other employer identification numbers. Previously, the county tax assessor-collector had applied for and received a separate employer identification number from the Internal Revenue Service. Much of the dispute

---

1. The federal employer identification number is the taxpayer identification number of an individual or other person (whether or not an employer) assigned pursuant to title 26 of the United States Code section 6011(b) (providing for the identification of taxpayers by the secretary of the treasury) or section 6109 (authorizing the secretary to require the use of assigned identification numbers). 26 C.F.R. § 301.7701-12.

appears to center on whether the tax assessor-collector was entitled to receive a separate employer identification number. That is a matter within the jurisdiction of the Internal Revenue Service, but we can ascertain the authority of the county auditor to adopt the regulation in question pursuant to section 112.001 of the Local Government Code. Furthermore, since there is disagreement between the county auditor and the county tax assessor-collector over the statutory duties of each office, we will respond accordingly.

Section 112.001 of the Local Government Code provides the following:

> In a county with a population of less than 190,000, the county auditor may adopt and enforce regulations, not inconsistent with law or with a rule adopted under Section 112.003, that the auditor considers necessary for the speedy and proper collecting, checking, and accounting of the <u>revenues and other funds and fees that belong to the county</u>. (Emphasis added.)

The authority granted under this provision plainly extends only over funds that "belong to the county." Section 112.001 is derived from article 1656, V.T.C.S., and is identical in substance to article 1656 as it was first enacted in 1905. <u>See</u> Acts 1905, 29th Leg., ch. 161, at 381.[2]

---

2. In contrast, a county auditor in a county with a population of 190,000 or more may adopt and enforce regulations for the speedy and proper collecting, checking, and accounting of

> the revenues and other funds and fees that belong to the county or to a person for whom a . . . county officer . . . has made a collection or for whose use or benefit the officer holds or has received funds.

Local Gov't Code § 112.002(b).

Section 112.002 is the descendant of article 1656a, first enacted in 1933. Acts 1933, 43rd Leg., ch. 98, at 217. It, too, reflects the substance of the predecessor statute. In an opinion considering the practice of certain county
(Footnote Continued)

The county auditor's power to prescribe accounting regulations under section 112.001 should also be contrasted with the audit authority of the county auditor. Section 115.001 of the Local Government Code gives the auditor "continual access" to the "books, accounts, reports, vouchers, and other records of any officer." He is required to examine and investigate the correctness of these records. Under section 115.002(b), the auditor is required to check the books and examine the reports of all county officers, including the tax assessor-collector. Section 115.0035 of the code, enacted in 1989, authorizes the county auditor to examine and verify the correctness of the accounts of all precinct, county, and district officials. "Accounts" is defined as "all public funds that are subject to the control of any precinct, county or district official," including funds of law enforcement agencies and attorneys for the state composed of seized and forfeited property. These provisions do not distinguish between records concerning the collection of county funds and non-county funds. Compare Local Gov't Code § 115.002(a) (auditor shall examine and report on all reports made to the commissioners court "that are about the collection of money for the county") with id. § 115.901 (auditor shall examine accounts, dockets, and records of county tax assessor-collector, among others, to determine whether money "belonging to the county and in possession of the officer" has not been accounted for and paid over as required by law). Thus, the county auditor's power to audit the accounts of county officers is broader than his power to adopt and enforce regulations under section 112.001.

Consequently, in order to determine the validity of a regulation adopted by the county auditor under section

---

(Footnote Continued)
officers of accepting reimbursements for dishonored checks on behalf of the recipients of the checks, this office stated broadly that a county auditor could, pursuant to article 1656a, adopt and enforce regulations for the collecting, checking, and accounting of funds not belonging to the county but collected by a county officer in an official capacity or under color of authority. Attorney General Opinion C-277 (1964); see also Attorney General Opinion WW-86 (1957) (pursuant to article 1656a, county auditor could require chief probation officer of Dallas County to deposit with county treasurer money collected for child support in divorce cases). Neither section 112.001 nor its predecessor, article 1656, provide an equivalent extension of the county auditor's authority.

112.001, it is necessary to first determine whether the funds to which the regulation relates comprise county funds. In the case of the county tax assessor-collector, there are a number of instances in which funds collected by the office and deposited in the county depository may not be characterized as county funds.

The basic duties of the county tax assessor-collector are prescribed by title 1 of the Tax Code, designated the Property Tax Code.[3] He is responsible primarily for the assessment and collection of county property taxes, but may have the duty of performing these functions for another taxing unit.

Various laws govern the deposit of taxes collected by the county tax assessor-collector for other taxing units. See, e.g., Local Gov't Code § 116.113(b); Tax Code 31.10(d). The following discussion is merely illustrative of the funds involved. It does not purport to be exhaustive, but is intended to assist you in determining whether the auditor's regulation is applicable to particular funds.

When the county tax assessor-collector collects taxes on behalf of other taxing units, he acts as the agent of the other taxing unit. See Aldine Indep. School Dist. v. Standley, 280 S.W.2d 578 (Tex. 1955); Attorney General Opinion M-859 (1971). With rare exceptions, the collection of funds by an agent on behalf of his principal does not diminish the title of the principal in such property. See 3 Am. Jur. 2d, Agency § 222-224 (1986). Therefore, we do not believe the monies collected by the county tax assessor-collector on behalf of other taxing units and placed in the county depository can be characterized as county funds subject to the county auditor's authority under section 112.001 of the Local Government Code.

The county tax assessor-collector is entitled by law to a reasonable fee, not to exceed actual costs, for collecting taxes for another taxing unit pursuant to section 6.23(a)(1), (a)(2), or (a)(3). Tax Code § 6.27(b). The fees received are not retained by the tax assessor-collector, but must be paid into the county treasury. Tex. Const. art. XVI, § 61; Attorney General Opinion M-624 (1970). They are appropriately characterized as county

---

3. A comprehensive discussion of the powers and duties of the county tax assessor-collector appears in 35 D. Brooks, County and Special District Law ch. 13 (Texas Practice 1989).

funds, and thus are subject to the auditor's power to adopt regulations under section 112.001.

The county tax assessor-collector is also designated the agent of the state Department of Highways and Public Transportation for the registration of motor vehicles and the collection of motor vehicle fees. See V.T.C.S. art. 6675a-2 et seq. He is required to deposit a portion of the motor vehicle registration fees collected by his office in the county depository to the credit of the county road and bridge fund. The sum of the deposit is determined by a formula that specifies the maximum amount of fees a county may retain before remitting the balance to the Department of Highways and Public Transportation. V.T.C.S. art. 6675a-10(a), (b).

The commissioners court may impose an optional registration fee of either five or ten dollars (depending on the population of the county) on each vehicle registered in the county, unless the vehicle is exempted from the payment of registration fees. V.T.C.S. art. 6675a-9a. The county tax assessor-collector must deposit 97 percent of the optional county registration fee in the county depository to the credit of the road and bridge fund; the remainder is remitted to the Department of Highways and Public Transportation. V.T.C.S. art. 6675a-10(c-2).

The county tax assessor-collector may defer remittance of certain motor vehicle registration fees and deposit them in an interest bearing account or certificate in the county depository. V.T.C.S. art. 6675a-10(d). The county owns all interest earned on fees so deposited, and such interest is credited to the road and bridge fund. V.T.C.S. art. 6675a-10(f). We think there can be no doubt that all funds credited to the road and bridge fund pursuant to these provisions "belong" to the county within the meaning of section 112.001 of the Local Government Code. By the same token, funds collected on behalf of and remitted to the state under these provisions are not county funds subject to the county auditor's authority under section 112.001.

Furthermore, the County Road and Bridge Act entitles the county tax assessor-collector to deduct as a fee of office $1.50 from each motor vehicle registration and collect $1.00 as a service charge for registrations that are mailed or delivered by electronic means. V.T.C.S. art. 6702-1, § 4.202(a), (b), (c); see also Local Gov't Code § 118.171 (fee for returned checks). These amounts belong to the county for purposes of section 112.001.

The same reasoning applies to fees the county tax assessor-collector receives for collecting various fees and taxes imposed pursuant to the following provisions:

(1) Tax Code §§ 152.021 - 152.026 (taxes imposed on transfers of title and motor vehicle rentals), 152.041 (duty of county tax assessor-collector), 152.121 (tax assessor-collector shall retain five percent of taxes and penalties collected under ch. 152 as fees of office or fees to be paid into officers salary fund);

(2) V.T.C.S. art. 6687-1 (Certificate of Title Act), § 57 (tax assessor-collector shall turn over $5 of each $10 fee collected to county treasurer for deposit in officers salary fund, and either remit remaining $5 to Department of Highways and Public Transportation or defer remittance and deposit or invest as authorized in this section, with accrued interest belonging to the county);

(3) Parks & Wildlife Code §§ 31.0341 (tax assessor-collector shall retain ten percent of fee collected for issuance of certificates of number for motorboats), 31.048 (same with respect to certificates of title for motorboats and outboard motors, or for notation of security interest, lien or other encumbrance).

Accordingly, you are advised that the county auditor may prescribe a rule requiring the use of the county's employer identification number on all accounts in the county depository pursuant to the authority conferred by section 112.001 of the Local Government Code, but only with respect to accounts that represent funds belonging to the county.

## S U M M A R Y

A county auditor in a county with a population of less than 190,000 may adopt and enforce a regulation pursuant to section 112.001 of the Local Government Code that requires the use of the county's federal employer identification number on all

accounts in the county depository that contain funds belonging to the county.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Steve Aragon
Assistant Attorney General